NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES | : | |
|  | : | |
|  | : | **Criminal Action No. 13-383 (SRC)** |
| v. | : | |
|  | : | |
| JAMES ROY SMITH | : | **OPINION & ORDER** |
|  | : | |

**CHESLER**, District Judge

    This matter comes before the Court upon the motion by James Roy Smith for a judicial recommendation for placement in a Residential Re-Entry Center ("RRC") twelve months preceding Defendant's expected release date. [Docket No. 50.] The Government has opposed the motion. Having considered the submissions, the Court will deny Defendant's motion.

    On August 14, 2014, Smith was sentenced to fifty-one months of imprisonment and fifteen years of supervised release after pleading guilty to a two-count Superseding Information charging him with conspiracy to transport individuals to engage in prostitution and transporting an individual to engage in prostitution. Defendant requests a recommendation for a twelve-month RRC placement pursuant to the Second Chance Act of 2007, which requires the Bureau of Prisons ("BOP") "to the extent practicable," to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry . . . into the community." 18 U.S.C. § 3624(c). "Such conditions may include a community correctional facility." *Id.* Smith argues that the maximum RRC term is appropriate because rehabilitative

1

programming that will improve his ability to reintegrate into society and reduce his elevated risk for recidivism is not available at his present correctional institution.

Placement into an RRC, as is indeed all institutional placement, is within the sound discretion of the BOP.  *See Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012); *Brown v. Shartle*, 14-cv-457, 2014 WL 5776151, at *2 (D.N.J. Nov. 6, 2014) ("[i]t is . . . well-established that prisoners have no constitutional right to be assigned to a particular institution, facility, or rehabilitative program.").  Although a court may make a recommendation, the recommendation for placement in a community corrections facility "shall have no binding effect . . . ."  18 U.S.C. § 3621(b).  The Court declines to weigh in.  The BOP has superior knowledge concerning Defendant's present circumstances as well as available facility resources and is thus in a better position to make an appropriate determination concerning Defendant's pre-release placement.

For the foregoing reasons,

**IT IS** on this 16th day of August, 2016,

**ORDERED** that Defendants' motion for judicial recommendation [Docket No. 50] be and hereby is **DENIED.**

                                          s/ Stanley R. Chesler
                                          STANLEY R. CHESLER
                                          United States District Judge